DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Criminal No. 2016-45 |
| ) | |
| ) | |
| ARACELIS N. AYALA, TURRELL ) | |
| THOMAS, RAHEEM MILLER, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

**ATTORNEYS:**

**Ronald Sharpe, United States Attorney**
**Anna Alexandrovna Vlasova, AUSA**
United States Attorney's Office
St. Thomas, U.S.V.I.
   *For the United States of America,*

**Joseph A. DiRuzzo, III**
Fuerst Ittleman David & Joseph, PL
Miami, Fl.
   *For Aracelis N. Ayala*,

**Carl R. Williams**
Smith, Williams, PLLC
St. Thomas, U.S.V.I.
   *For Turrell Thomas*

**Yohana M. Manning**
Christiansted, U.S.V.I..
   *For Raheem Miller.*

*United States v. Ayala, et. al*
Criminal No. 2016-45
Order
Page 2

## ORDER

**GÓMEZ, J.**

    Before the Court are the applications of Aracelis N. Ayala ("Ayala") and Turrell Thomas ("Thomas") to waive their speedy trials. For the reasons stated herein, the time to try this case is extended up to and including March 31, 2017.

    While the Speedy Trial Act requires that defendants be tried within seventy days of indictment, the Court specifically finds that extending this period would be in the best interest of justice for several reasons. First, an extension is necessary to allow Ayala time to review discovery and investigate the charges against him. Second, Ayala and Thomas made their requests with the advice and consent of counsel. Third, Raheem Miller's counsel is representing another defendant in a jury trial, which is also scheduled for February 13, 2017, in the Virgin Islands Superior Court. Fourth, without an extension, each of the parties would be denied reasonable time necessary to explore plea options and prepare for trial.

    Consistent with these concerns, the United States Court of Appeals for the Third Circuit has recognized that "whether or not a case is 'unusual' or 'complex,' an 'ends of justice' continuance may in appropriate circumstances be granted." *United States v. Fields*, 39 F.3d 439, 444 (3d Cir. 1994); *United*

*United States v. Ayala, et. al*
Criminal No. 2016-45
Order
Page 3

*States v. Dota*, 33 F.3d 1179 (9th Cir. 1994) ("An ends of justice continuance may be justified on grounds that one side needs more time to prepare for trial [even if the] case [i]s not 'complex.'"); *see also United States v. Johnson*, 42 Fed. App'x 959, 964 (9th Cir. 2002) (holding that delay resulting from one defense attorney's scheduling conflict was properly excluded from both defendants' speedy trial counts); *United States v. Bermea*, 30 F.3d 1539, 1567 (5th Cir. 1994) (collecting cases and holding that "the excludable delay of one codefendant may be attributed to *all* defendants"); *United States v. Lattany*, 982 F.2d 866, 883 (3d Cir. 1992) ("[T]he district court did not abuse its discretion when it delayed the trial to give counsel . . . opportunity to . . . decid[e] upon and prepar[e] an appropriate defense."); *United States v. Brooks*, 697 F.2d 517, 522 (3d Cir. 1982) (holding there was no abuse of discretion where district court found that multiple count, multiple defendant "case was complex and required additional time for adequate preparation.").

The premises considered; it is hereby

**ORDERED** that the time beginning from the date of this order granting an extension through March 31, 2017, shall be excluded in computing the time within which the trials for Aracelis N.

*United States v. Ayala, et. al*
Criminal No. 2016-45
Order
Page 4

Ayala, Turrell Thomas, and Raheem Miller must be initiated

pursuant to 18 U.S.C. § 3161.

                                                S\_____
                                                   **Curtis V. Gómez**
                                                   **District Judge**

*United States v. Ayala, et. al*
Criminal No. 2016-45
Order
Page 4