```
                DISTRICT COURT OF THE VIRGIN ISLANDS
                  DIVISION OF ST. THOMAS AND ST. JOHN

UNITED STATES OF AMERICA,        )
                                 )
          Plaintiff,             )
                                 )
     v.                          )     Criminal No. 2016-45
                                 )
ARACELIS N. AYALA, TURRELL       )
THOMAS, RAHEEM MILLER            )
                                 )
          Defendants.            )
```

ATTORNEYS:

**Ronald Sharpe, United States Attorney**
**Anna Alexandrovna Vlasova, AUSA**
United States Attorney's Office
St. Thomas, U.S.V.I.
    *For the United States of America,*

**Joseph A. DiRuzzo, III**
Fuerst Ittleman David & Joseph, PL
Miami, FL.
    *For defendant Aracelis N. Ayala,*

**Carl R. Williams**
Smith, Williams, PLLC
St. Thomas, U.S.V.I.
    *For defendant Turrell Thomas,*

**Yohanna M. Manning**
Christiansted, U.S.V.I.
    *For defendant Raheem Miller.*


## ORDER

GÓMEZ, J.

    Before the Court is Aracelis N. Ayala's ("Ayala") motion to disqualify the undersigned.

*United States v. Ayala, et al.*
Crim. No. 16-45
Page 2

Ayala argues that the undersigned must be removed from this case because the undersigned has exceeded ten years as a judge on the District Court of the Virgin Islands. Ayala argues that the current case cannot proceed until a new judge is appointed to oversee the proceedings.

The Revised Organic Act, in pertinent part, provides that the term of appointment for a judge of the District Court of the Virgin Islands is "ten years *and until their successors are chosen and qualified*, unless sooner removed by the President for cause." 48 U.S.C. § 1614(a) (emphasis added). Given that context, the remedy suggested by Ayala is only possible if one were to ignore the conjunctive language "and until," that immediately follows the words "ten years."

Of course, the Court is required to give meaning to each word in a statute and to read the statute as a whole. *Tavarez v. Klingensmith*, 372 F.3d 188, 190 (3d Cir. 2004). It would be verboten to do otherwise in interpreting a statute. Applying well-established principles of statutory construction to the Revised Organic Act, the statutory language is very clear. The ten-year period referred to in the Revised Organic Act is a floor for a district judge's term. It is not a cap. *See* 18 U.S.C. § 1614(a). In short, the term is not finite. Indeed, only

*United States v. Ayala, et al.*
Crim. No. 16-45
Page 3

if a successor is chosen and qualified does the term end.[1] 48 U.S.C. § 1614(a).

The premises considered; it is hereby

**ORDERED** that Ayala's motion to disqualify is **DENIED**.

                                                                                            S\_____
                                                                                               **CURTIS V. GÓMEZ**
                                                                                                **District Judge**

---

[1] Clearly, Congress has the capacity to legislate terms of office for a finite period, as it has in other contexts. *See, e.g.,* 26 U.S.C. § 7443(e) ("The term of office of any judge of the Tax Court shall expire 15 years after he takes office."). Exercising its sound discretion, Congress chose not to define a finite term with respect to judges of the District Court of the Virgin Islands.